**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| **WALI A. HARRIS,**<br><br>        **Plaintiff,**<br><br>   v.<br><br>**WARDEN, ATLANTIC COUNTY JUSTICE FACILITY,**<br><br>        **Defendant.** | Civ. No. 17-3483 (RMB)<br><br>OPINION |

**BUMB, District Judge**

Plaintiff Wali A. Harris brings this civil rights complaint under 42 U.S.C. § 1983 against Warden Geraldine Cohen, alleging unconstitutional conditions of confinement at Atlantic County Justice Facility. (Compl., ECF No. 1.) Plaintiff has filed an application to proceed *in forma pauperis* ("IFP"), which establishes his financial eligibility to proceed without prepayment of fees. (IFP App., ECF No. 1-1.)

28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) require courts to review a prisoner's complaint in a civil action and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such

relief. For the reasons discussed below, the Court will grant the IFP application and dismiss the complaint without prejudice.

I. *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the *Pro Se* Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

Under 28 U.S.C. § 1915(e)(2)(B), district courts must review complaints filed by persons proceeding *in forma pauperis* in civil actions, and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint[.]" Id. Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSSION

Plaintiff seeks monetary damages for alleged unconstitutional conditions of confinement, including black mold in the showers, poor ventilation system, and food "not worthy of consumption." (Compl., ECF No. 1.) Plaintiff was exposed to these conditions from February 22, 2017 until he filed the complaint on May 16, 2017. (Id., ¶4.)

When a pretrial detainee alleges unconstitutional conditions of confinement in violation of the Due Process Clause of the Fourteenth Amendment, the Third Circuit Court of Appeals has set forth a two-step test to analyze the claim. Hubbard v. Taylor ("Hubbard I"), 399 F.3d 150, 159-60 (3d Cir. 2005).

> [W]e must ask, first, whether any legitimate purposes are served by these conditions, and second, whether these conditions are rationally related to these purposes. In assessing whether the conditions are reasonably related to the assigned purposes, we must further inquire as to whether these conditions "cause [inmates] to endure [such] genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them." [*Union County Jail Inmates v. DiBuono*,] 713 F.2d [984], 992 [3d Cir. 1983] (citing *Bell* [*v. Wolfish*], 441 U.S. [520] 542, 99 S.Ct. 1861 [1979]) (internal quotation marks omitted). Our inquiry into whether given conditions constitute "punishment" must therefore consider the totality of circumstances within an institution. *Id.* at 996; see also *Jones v. Diamond*, 636 F.2d 1364, 1368 (5th Cir.1981) ("In determining whether conditions of confinement are unconstitutional under ... the fourteenth amendment, we do not assay separately each

> of the institutional practices, but look to the totality of the conditions."), *overruled in part on other grounds*, *Int'l Woodworkers of America, AFL-CIO v. Champion Int'l Corp.*, 790 F.2d 1174 (5th Cir.1986) (en banc).

Id.

Unconstitutional punishment under the Fourteenth Amendment has objective and subjective components. Stevenson v. Carroll, 295 F.3d 62, 68 (3d Cir. 2007). The subjective component, whether the defendant prison official acted with a sufficiently culpable state of mind, is met where the condition is arbitrary or purposeless or the condition is excessive, even if it would accomplish a legitimate governmental objective. Id. The objective component is met where the prison conditions cause inmates to "endure genuine privations and hardship over an extended period of time." Bell, 441 U.S. at 542.

The fact that an individual is temporarily exposed to mold, poor ventilation, and food characterized as "unworthy of consumption," without further explanation, does not rise to the level of a genuine privation and hardship over an extended period of time. See Fantone v. Herbik, 528 F. App'x 123, 127 (3d Cir. 2013) ("[o]nly extreme deprivations are sufficient to present a claim for unconstitutional conditions of confinement") (citing Hudson v. McMillian, 503 U.S. 1, 8-9 (1992)); Khaliq v. Brown, 2005 WL 2406099, at *10 (D.N.J. Sept. 29, 2005) ("the fact that food ... sometimes is served cold, while unpleasant,

5

does not amount to a constitutional deprivation" (quoting Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985).

To state a constitutional violation, Plaintiff must allege facts suggesting the conditions of confinement were severe enough to deprive him of a basic human need. Wilson v. Seiter, 501 U.S. 294, 305 (1991); See Riley v. DeCarlo, 532 F. App'x 23, 26 (3d Cir. 2013) (ventilation system was not constitutionally inadequate where record showed officials performed maintenance of ducts, Plaintiff was treated for allergies and congestion, but his lungs were clear.) If Plaintiff can meet this standard by further describing the conditions of confinement and identifying a basic human need he was deprived of, Plaintiff may file an amended complaint. Plaintiff should also indicate how the warden became aware of the conditions and was deliberately indifferent to the risk to Plaintiff's health. Plaintiff should note that when an amended complaint is filed, it should be complete in itself because it replaces the original complaint. See 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990).

III. CONCLUSION

For the reasons stated above, the complaint is dismissed without prejudice for failure to state a claim. The Court will reopen the matter if Plaintiff files an amended complaint within the time allotted by the Court.

An appropriate order follows.

DATE: October 23, 2017

                                      s/Renée Marie Bumb
                                      **RENÉE MARIE BUMB**
                                      **United States District Judge**